**Affirmed as Modified; Opinion Filed June 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00075-CR
No. 05-13-00082-CR
No. 05-13-00093-CR

**RONALD CHESTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-24689-S, F09-61684-S, F12-81023-S**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Pursuant to a negotiated plea, appellant Ronald Chester pleaded guilty to the offenses of (1) possession with intent to deliver one gram or more but less than four grams of cocaine and (2) evading arrest. In accordance with the plea agreement, the trial court assessed punishment at ten years' imprisonment for each case, probated for seven years. While on community supervision, appellant was convicted of unlawful possession of a firearm by a felon and sentenced to ten years' confinement for that offense. The trial court also revoked appellant's community supervision in the cocaine and evading arrest cases. He now appeals all three cases. In eight issues, appellant generally contends (1) the evidence is insufficient to support the conviction for unlawful possession of a firearm by a felon; (2) the trial court abused its discretion by revoking his probation in the cocaine and evading arrest cases; (3) the judgments in the

cocaine and evading arrest cases should be reformed to accurately reflect the probation violation allegation the trial court found true; and (4) the evidence is insufficient to support the trial court's cost awards in all three cases. For the reasons that follow, we agree the judgments should be modified in the cocaine and evading arrests cases to accurately show the community supervision violation the trial court found to be true. As modified, we affirm those judgments. We affirm the trial court's judgment in the unlawful possession of a firearm case.

### BACKGROUND

On November 5, 2012 around 6 p.m., Richland College police officer Javier Lozano responded to a call about suspicious activity in the back corner of the car wash behind the campus. Officer Lozano testified that he pulled up in a marked patrol car behind appellant's Jaguar which was parked in front of the car wash bay where witness Glenn Johnson was washing his car. Appellant was initially standing outside of the Jaguar when Officer Lozano first saw him but then proceeded to enter the car. Officer Lozano exited his vehicle and asked appellant to step out of the Jaguar. Appellant drove the vehicle into another bay with the driver's side door open. As the officer walked towards the lot's vacuum cleaner, he heard "two loud noises of a heavy object where it appeared to hit one thing and then come to a final rest on the ground." The officer then told Chester to start walking towards him. As appellant walked towards him as instructed, the officer saw a handgun on the ground in front of appellant's vehicle. The officer testified the gun was in the same drive path that he took on entering the car wash so he would have noticed it earlier if it had been there.

Glenn Johnson testified that he heard the officer say "he has a gun" and then heard a noise ". . . it was like it hit the fence and then it hit the concrete . . . . And I seen the gun was there and then a few minutes later, I seen the officers was right there by the gun [sic]." Johnson

–2–

told the officers he witnessed the gun hitting the fence and hitting the concrete. Appellant testified in his own defense and denied any knowledge of the gun that was found.

After a trial before the court on the offense of unlawful possession of a firearm by a felon, appellant was found guilty and sentenced to ten years' imprisonment. Immediately following the sentencing on the unlawful possession charge, the trial court heard the two cases involving the revocation of community supervision. Appellant entered pleas of not true to the State's allegations and the trial court found that appellant had violated condition "a" of his community supervision by committing the offense of unlawful carrying a weapon. The trial court then sentenced appellant to ten years' imprisonment in the cocaine case and five years' imprisonment in the evading arrest case.

## ANALYSIS

In his first issue, appellant challenges the legal sufficiency of the evidence to support his conviction for unlawful possession of firearm by a felon. Specifically, he argues that there were no legally sufficient links demonstrating that he knowingly possessed the handgun found on the ground in front of his vehicle. We disagree.

In reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume the fact finder resolved conflicts in testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also defer to the trier of fact's determination of witness credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

To establish unlawful possession of a firearm by a felon, the State must prove that appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or community supervision, parole, or mandatory supervision, whichever is later. TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011). Firearm possession cases are analyzed under the same sufficiency standards as drug possession cases. *See Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.). Accordingly, the State must establish appellant exercised care, custody, control, or management over the firearm; he was conscious of his connection to it; and he possessed the firearm knowingly or intentionally. *Id*. at 216.

If the firearm is not found on the appellant or is not in his exclusive possession, the evidence must link him to the firearm. *See Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). The evidence may be either direct or circumstantial, but must show the appellant's connection to the firearm was more than just fortuitous. *Id*. A nonexclusive list of factors that can be sufficient either singly or in combination, to establish possession of contraband include: (1) presence when search is conducted; (2) whether the contraband is in plain view; (3) proximity to and the accessibility of the contraband, (4) the accused being under the influence of narcotics when arrested; (5) possession of other contraband or narcotics when arrested; (6) incriminating statements made by the accused when arrested; (7) an attempt to flee; (8) furtive gestures; (9) an odor of contraband; (10) the presence of other contraband or drug paraphernalia; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) possession of a large amount of cash; (14) conduct indicating a consciousness of guilt; (15) the quantity of the contraband; and (16) whether the accused was the driver of the automobile in which the contraband was found. *See Evans*, 202 S.W.3d at 162 n.12;

–4–

*McQuarters v. State*, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref'd). The number of linking factors is not as important as the logical force they create to support an inference of knowing possession of contraband. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).

In this case, appellant and Johnson were the only two individuals at the car wash when Lozano arrived. Appellant drove his vehicle away from Lozano as he attempted to speak with appellant. Lozano testified that as he approached appellant's vehicle in the bay, he heard two sounds as if a heavy object had hit something then struck the ground. Johnson, who was in the car wash bay next to appellant, corroborated Lozano's testimony and stated that he saw the gun hit the fence and then the ground. Lozano saw the gun on the ground in front of appellant's vehicle. He also stated he would have seen the gun if it was on the ground when he arrived at the car wash. The trial court could rationally conclude from this evidence that appellant had possessed the gun but attempted to throw it away from him when he saw a police officer approaching. We conclude the evidence sufficiently links appellant to the gun found in front of his vehicle. We resolve appellant's first issue against him.

In issues two and three, appellant complains the trial court abused its discretion when it revoked his community supervision in the cocaine and evading arrest cases. These two issues are based on appellant's contention that the State failed to link appellant to the firearm recovered at the carwash. As appellant correctly notes, the trial court's decision to revoke community supervision is reviewed under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At a revocation hearing, the State has the burden to prove by a preponderance of the evidence that appellant violated the terms of his community supervision. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Having concluded above that the evidence linking appellant to the firearm was sufficient to support his conviction for unlawful

possession of a firearm by a felon, we necessarily reject appellant's position that the trial court abused its discretion revoking community supervision based on appellant having committed this new offense. We resolve appellant's second and third issues against him.

In issues four and five, appellant asserts that the judgments revoking community supervision in the cocaine and evading arrest cases should be modified to accurately reflect the probation violation allegation that the trial court found true. The State does not oppose the modifications requested by appellant. Where, as here, the record provides the necessary information to correct inaccuracies in a judgment, we have the authority to reform the judgment to speak the truth. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Our review of the record confirms that the trial court's sole basis for revoking probation in both cases was appellant's new conviction for unlawful possession of a firearm, which was identified as a violation of condition "a" of his community supervision in the amended motions to revoke. Accordingly, we resolve appellant's fourth and fifth issues in his favor and modify the judgments as requested.

In issues six, seven, and eight, appellant challenges the sufficiency of the evidence to support the trial court's costs assessment of $536 in the cocaine case, $490 in the evading arrest case, and $244 in the case for unlawful possession of a firearm by a felon. Specifically, appellant argues that there are no written bills of costs in the clerk's records as required by article 103.001 of the code of criminal procedure. The record before us contains a bill of costs for each case. Appellant's complaints, including his objection to the supplemental records containing the bills of costs, have been addressed and rejected. *See Johnson v. State*, 423 S.W.3d 385, 391–94 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's sixth, seventh, and eighth issues.

We modify the judgments revoking community supervision in trial court cause numbers F07-24689-S and F09-61684-S to reflect that the trial court found "true" only the State's allegation that appellant violated condition "a" of his community supervision by committing the offense of unlawful carrying a weapon. We affirm the trial court's judgments in those cases as modified. We affirm the trial court's judgment in the unlawful possession of a firearm case.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130075F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD CHESTER, Appellant

No. 05-13-00075-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F07-24689-S.
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

"The Court FINDS Defendant has violated condition "a" of his community supervision as set out in the State's AMENDED Motion to Revoke Community Supervision"

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of June, 2014.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD CHESTER, Appellant

No. 05-13-00082-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-61684-S.
Opinion delivered by Justice Evans, Justices FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

"The Court FINDS Defendant has violated condition "a" of his community supervision as set out in the State's AMENDED Motion to Revoke Community Supervision"

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of June, 2014.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD CHESTER, Appellant

No. 05-13-00093-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-81023-S.
Opinion delivered by Justice Evans, Justices FitzGerald and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of June, 2014.

/David Evans/
DAVID EVANS
JUSTICE